UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-47-GFVT-HAI-4 |
| | ) | |
| V. | ) | |
| | ) | |
| EWING BOWLING, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition [R. 855] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Ewing Bowling, is charged with three violations of his supervised release conditions. *Id.* at 2. These three violations include: (i) "purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;" (ii) committing another state, federal, or local crime; and (iii) failing to follow the instructions of a probation officer. *Id.* Judgment was originally entered against the Defendant in March 2015, after Mr. Bowling pled guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 1. He was originally sentenced to 60 months followed by a three-year term of supervised release. *Id.* Mr. Bowling began his term of supervised release on January 22, 2018. *Id.*

On December 4, 2018, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id*. The report first alleged two violations

but later was given an addendum alleging a third violation. *Id.*

First, the Report stated that the Defendant submitted two urine samples that tested positive for methamphetamine on separate occasions. *Id.* In response to this result, the Defendant signed an admission that he used the drugs as a pick-me up at work. *Id.* Based on this admission the Defendant was charged with violating the condition of his supervised release which prohibits the use of any controlled substance except as prescribe by a physician. *Id.* at 2. This is a Grade C violation.

Second, the Report charged the Defendant with a violation of the condition that he refrain from committing another federal, state, or local crime. *Id.* This violation also stems from the Defendant's confession that he used methamphetamine. *Id.* Under Sixth Circuit precedent, a supervised releasee who uses a controlled substance is considered to have possessed that controlled substance. *United States v. Crace,* 207 F.3d 833 (6th Cir. 2000). Therefore, Bowling's confession established his possession of methamphetamine, both Schedule II controlled substances. As such his conduct would be a Class E felony under 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This conduct constitutes a Grade B violation.

Lastly, the Addendum added the charge that Bowling failed to follow the instructions of his probation officer. *Id.* at 3. Bowling was given a sweat patch to detect the presence of drugs and was told to notify the probation office if the condition of the patch changed. *Id.* But Bowling did not notify the probation office when the sweat patch became partially separated from the skin.

At the final revocation hearing, held on March 22, 2019, Bowling competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 854.] On March 26, 2019, Magistrate

but later was given an addendum alleging a third violation. *Id.*

First, the Report stated that the Defendant submitted two urine samples that tested positive for methamphetamine on separate occasions. *Id.* In response to this result, the Defendant signed an admission that he used the drugs as a pick-me up at work. *Id.* Based on this admission the Defendant was charged with violating the condition of his supervised release which prohibits the use of any controlled substance except as prescribe by a physician. *Id.* at 2. This is a Grade C violation.

Second, the Report charged the Defendant with a violation of the condition that he refrain from committing another federal, state, or local crime. *Id.* This violation also stems from the Defendant's confession that he used methamphetamine. *Id.* Under Sixth Circuit precedent, a supervised releasee who uses a controlled substance is considered to have possessed that controlled substance. *United States v. Crace,* 207 F.3d 833 (6th Cir. 2000). Therefore, Bowling's confession established his possession of methamphetamine, both Schedule II controlled substances. As such his conduct would be a Class E felony under 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This conduct constitutes a Grade B violation.

Lastly, the Addendum added the charge that Bowling failed to follow the instructions of his probation officer. *Id.* at 3. Bowling was given a sweat patch to detect the presence of drugs and was told to notify the probation office if the condition of the patch changed. *Id.* But Bowling did not notify the probation office when the sweat patch became partially separated from the skin.

At the final revocation hearing, held on March 22, 2019, Bowling competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 854.] On March 26, 2019, Magistrate

Judge Ingram issued a Recommended Disposition which recommended revocation of Bowling's supervised release, a term of four months of imprisonment, completion of a 90-day inpatient drug treatment program immediately upon release, submission to a mental health evaluation, and post-release supervision until January 21, 2021. [R 855.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. Bowling has shown a willingness to take responsibility and cooperate with the Court. *Id.* at 7. For that reason, his sentence should be focused on rehabilitation. *Id.* If Bowling can overcome his addiction, then future illicit conduct will be deterred. *Id.* Bowling's conduct was a breach of the Court's trust. The penalty imposed today, however, is enough to get Bowling attention. And while Bowling is getting a slightly below Guidelines sentence, his inpatient drug treatment resembles custody because he is unable to leave the facility. *Id.* at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Bowling submitted a waiver of allocution. [R. 856.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is

hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 855**] as to Defendant Ewing Bowling is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Bowling is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Bowling's Supervised Release is **REVOKED**;

4. Mr. Bowling is **SENTENCED** to the Custody of the Bureau of Prisons for a term of four months of imprisonment;

5. Bowling is required to comply with all aspects and complete a 90-day inpatient drug treatment program immediately upon release;

6. Bowling's term of post-release supervision by the Probation Office will run until January 21, 2021 under the original conditions imposed; and

7. Bowling must undergo a mental health evaluation.

This the 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge